UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BENNIE RAY RICH,

        Petitioner,

                                          Case No. 1:02-CV-317

v.                                          (Criminal Case No. 1:96:CR:47)

UNITED STATES OF AMERICA,           HON. GORDON J. QUIST

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

        This Court has before it Petitioner's and Respondent's objections to the Magistrate Judge's Report and Recommendation dated July 5, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's motion to amend and his motion for relief pursuant to 28 U.S.C. § 2255 be denied. The Magistrate Judge concluded that the motion to amend the § 2255 motion should be denied because the claim Petitioner sought to add was futile in light of the recent holding that relief under *United States v. Booker*, 543 U.S ___, 125 S. Ct. 738 (2005), does not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). The Magistrate Judge also concluded that Petitioner's existing claims in his § 2255 motion were without merit and that the motion for relief should be denied. For the following reasons, this Court will adopt the Magistrate Judge's Report and Recommendation with a few technical modifications.

        In his objections to the Report and Recommendation, Petitioner does not specifically address any of the points raised in the Report and Recommendation, but rather raises an entirely new

argument that the Court's enhancement of his sentence and consideration of the Presentence Investigation Report ("PSIR") violated his right against double jeopardy under the Fifth Amendment of the Constitution. This Court will not consider this argument for the following reasons. First, this argument is not properly before the Court because Petitioner did not file leave to amend his § 2255 motion with this new argument, and because the one-year statute of limitations to assert this argument had expired. *See* 28 U.S.C. § 2255 para. 6. Rather, Petitioner just filed this argument on June 9, 2005, as "Suggestions in Support of Petitioner's 2255 Motion and Request for the Court to Take Judicial Notice of Facts and Controlling Law of This Case" (docket no. 74).

Second, this Court will not consider this new argument because it does not specifically address points raised in the Report and Recommendation. Rule 72.3 (b) of the Local Civil Rules for the United States District Court for the Western District of Michigan provides that a party may object to a magistrate judges's proposed findings, recommendations or report within 10 days after being served. The party must file and serve written objections that "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." Local R. 72.3 (b). This Petitioner has failed to do. He does not specifically identify the areas of the report with which he disagrees. Rather, he makes sweeping constitutional arguments of why he was sentenced unlawfully. By failing to specify his objections, Petitioner has failed to properly object to the Magistrate Judge's Report and Recommendation and his arguments need not be considered. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Finally, even if Petitioner's double jeopardy argument was properly before this Court, it is without merit and does not warrant relief. Essentially, Petitioner argues that he was tried twice for his crimes: once at the trial phase where a jury found him guilty of the crimes, and a second time

when his sentence was enhanced based on factors set forth in the PSIR. The Court of Appeals for the Sixth Circuit has explicitly held that the enhancement of a defendant's sentence under the Sentencing Guidelines does not violate the double jeopardy clause of the Fifth Amendment. *See United States v. Mack*, 938 F.2d 678, 681 (6th Cir. 1991). Therefore, Petitioner is not entitled to relief under this argument. Furthermore, the Court agrees with the Magistrate Judge and finds that Petitioner is not entitled to relief under any of the other arguments set forth in his § 2255 motion.

However, this Court will make a few minor changes to the Magistrate Judge's Report and Recommendation. First, as pointed out in the Government's objections, there is a minor typographical error in the text of the Report and Recommendation. In the second full paragraph on page 25 of the Report and Recommendation, the sentence should read that "Courts have repeatedly rejected claims that methamphetamine is a Schedule III controlled substance."[1] Second, page 16 of the Report and Recommendation implies that Petitioners's right to possess a firearm may have been restored either on December 23, 1999, or December 23, 1997. However, there is no evidence that Petitioner ever applied to have this right restored, as is required by the law. Therefore, this Court clarifies that, to its knowledge, this right has not yet been restored.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be

---

[1] The original text said "Schedule II controlled substance" by mistake.

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated by the Magistrate Judge and this Court, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 5, 2005 (docket no. 75) is **APPROVED AND ADOPTED** as the Opinion of this Court with the two technical modifications set out above.

1. Petitioner's motion to amend (docket no. 67) is **DENIED**.

2. Petitioner's motion for relief under 28 U.S.C. § 2255 (docket no. 1) is **DENIED** and is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability **SHALL NOT ISSUE** from this Court.

Dated: September 19, 2005                             /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE