UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BENNIE RAY RICH,

      Petitioner,

v.

      Case No. 1:02-CV-317
      (Criminal Case No. 1:96:CR:47)

UNITED STATES OF AMERICA,

      HON. GORDON J. QUIST

      Respondent.

_____/

## MEMORANDUM ORDER

On July 5, 2005, the magistrate judge issued his Report and Recommendation regarding Petitioner's motion pursuant to 28 U.S.C. § 2255. Thereafter, the parties filed the following motions, which were referred to the magistrate judge pursuant to this Court's Order of Reference dated October 22, 2002: (1) Petitioner's Motion For Evidentiary Hearing (docket no. 80); (2) Respondent's Motion For Additional Time To Respond To Petitioner's Objections To The Report and Recommendation (docket no. 85); and (3) Petitioner's Motion For 30 Days Extension Of Time To Answer Government's Response To Petitioner's Motion For Evidentiary Hearing Based On *Deck v. Missouri* (docket no. 87). In the interests of expediency, the Court will vacate the Order of Reference with regard to these motions and address them in addition to the parties' objections to the Report and Recommendation.

With regard to the two motions for extension of time, the Court finds that the requested extensions are reasonable. Therefore, the Court will grant both motions.

The remaining motion is Petitioner's motion for an evidentiary hearing based upon the

Supreme Court's recent decision in *Deck v. Missouri*, 544 U.S. __, 125 S. Ct. 2007 (2005). In *Deck*, the Supreme Court held that the Fifth and Fourteenth Amendments prohibit the use of shackles during the penalty phase of a capital trial, "as it forbids their use during the guilt phase, *unless* that use is justified by an essential state interest – such as the interest in courtroom security – specific to the defendant on trial." Id. at 2009 (internal quotations omitted). Through his motion for an evidentiary hearing, Petitioner seeks to add an new issue to his § 2255 motion, namely, whether Petitioner's constitutional rights were violated when the jury twice inadvertently viewed Petitioner in shackles outside of the courtroom.

The Court will deny Petitioner's motion because it finds no basis for considering the issue. Petitioner raised this issue on direct appeal. The Sixth Circuit rejected the argument, concluding that the evidence against Petitioner was so strong that the inadvertent viewings would not have had any substantial effect upon the jury's determination of guilt and that any error by the district court in failing to voir dire the jury to determine whether Petitioner had suffered actual prejudice from the viewings was harmless. *See United States v. Rich*, No. 97-1020, 2000 WL 92269, at *4 (6th Cir. Jan. 19, 2000) (per curiam). Since Petitioner raised the issue in his direct appeal, he may not use his § 2255 motion to relitigate it "[a]bsent exceptional circumstances, or an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). *Deck* does not represent an intervening change in case law. Rather, the Supreme Court noted that lower courts have long recognized, based upon English law and prior Supreme Court cases, the basic principle that a defendant has a right to remain free of physical restraints that are visible to the jury unless such measures are necessary to uphold a particular state interest, such as to ensure courtroom security or prevent escape. *Id.* at 2012. The Court did not change the law, but merely recognized the right to

2

be free of shackles as a basic element of due process protected by the Federal Constitution. *See id.* Moreover, even if *Deck* could be considered a new rule, it is not retroactive to cases on collateral review. Under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989), a new rule can be retroactively applied to cases on collateral review only if it falls within one of the following two narrow exceptions to the rule of nonretroactivity: (1) the new rule "places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe," *id.* at 307, 109 S. Ct. at 1073, or (2) the new rule is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495, 110 S. Ct. 1257, 1264 (1990) (quoting *Teague*, 489 U.S. at 311, 109 S. Ct. at 1076). Neither exception applies to *Deck*. *Deck* clearly does not fall within the first exception. As for the second exception, the Sixth Circuit recently observed in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), that "[t]he Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception." *Id.* at 863. The court in *Humphress* held that the new rule established in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005), does not apply retroactively. In light of *Humphress*, this Court finds no basis for concluding that *Deck* should be applied retroactively.

In addition to the reasons set forth above, the Court concludes that Petitioner's motion must be denied because the issue is barred by the limitations period set forth in § 2255 because Petitioner first raised the issue more than one year after his conviction became final. Moreover, § 2255 ¶(3), which provides that the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," is of no benefit to Petitioner. Even if *Deck* is considered a new rule, the Supreme Court has not made it retroactive to cases on collateral

3

review. For a new rule to be retroactive to cases on collateral review, the Supreme Court itself must make the rule retroactive. *See Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482 (2001); *In re Clemmons*, 259 F.3d 489, 492-93 (6th Cir. 2001). As the Court explained in *Tyler*, "the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Tyler*, 533 U.S. at 663, 121 S. Ct. at 2482. Therefore,

**IT IS HEREBY ORDERED** that Respondent's Motion For Additional Time To Respond To Petitioner's Objections To The Report and Recommendation (docket no. 85) and Petitioner's Motion For 30 Days Extension Of Time To Answer Government's Response To Petitioner's Motion For Evidentiary Hearing Based On *Deck v. Missouri* (docket no. 87) are **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion For Evidentiary Hearing (docket no. 80) is **DENIED**.


Dated: September 19, 2005              /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE